**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MORTGAGES, LTD., | No. 14-15971 |
| Debtor, | D.C. No. 2:13-cv-00825-RCJ |
| MATTHEW HARTLEY, Liquidating Trustee of the ML Liquidating Trust, | MEMORANDUM* |
| Plaintiff - Appellant, | |
| v. | |
| CRAIG A. FORTE; LAURI T. FORTE, Trustees of The Forte Family Revocable Living Trust, dated May 30, 2001, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Robert Clive Jones, Senior District Judge, Presiding

Argued and Submitted April 13, 2016
San Francisco, California

Before: SCHROEDER, KOZINSKI, and TROTT, Circuit Judges.

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The central issue is whether the bankruptcy court erred in concluding that the Fortes were not liable to repay $1,250,000 to the ML Liquidating Trust ("Trust") as an avoidable preference under 11 U.S.C. § 547(b).

Whether we review de novo or for an abuse of discretion the bankruptcy court's interpretation of the terms of the first amended Plan of Reorganization ("Plan"), the result is the same: The Plan, whether reviewed as a contract or as part of the court's order, released avoidance actions against the Fortes. The Plan did not preserve that potential claim for assertion by the Trust.

The fulcrum of the Trustee's argument is that section 2.40 of the Plan defined "investors" as "[p]ersons holding" interests in the debtor's investment programs. Because the Fortes no longer held such investments as of the date of the petition, the argument is that they fell outside of the Plan's definition of "investor," and therefore the potential preference action had not been released.

The bankruptcy court and the district court both explained in detail why this argument fails. The bankruptcy court's analysis and reasoning are persuasive, and we cannot improve upon its work. The bankruptcy court properly granted the Fortes's motion to dismiss the Trustee's action against them for an avoidable preference.

AFFIRMED.